hDECUIR, Judge.
In these consolidated cases, plaintiffs, Edwin and Juanita Sopcjak appeal the trial court’s grant of motions for summary judgment on behalf of the Parish of Lafayette (through its legal successor, the Lafayette City/Parish Consolidated Government) (hereinafter Lafayette Parish) and the State of Louisiana, through the Department of Transportation and Development.
IzFACTS
On April 11, 1996, a vehicle being driven by Kerry Miller, and in which Edwin Sopcjak was a passenger, traveled onto the eastbound shoulder of Landry Garber Road in Brous-sard, Louisiana. The shoulder gave way and the vehicle was drawn into a deep ditch which led up to a ravine. Prior to crashing into the ravine, the vehicle traveled over a downed guard rail which had been damaged in a prior accident.
Plaintiffs, Edwin and Juanita Sopcjak filed a petition for damages alleging that the accident was caused through the fault of DOTD, the Town of Broussard, and/or Lafayette Parish. DOTD and Lafayette Parish filed motions for summary judgment. The trial court granted the motions. The Sopejaks lodged these appeals alleging the trial court erred in granting the motions.
*539 LAW AND DISCUSSION
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966. Moreover, as we noted in Hayes v. Autin, 96-287, p. 6 (La.App. 3 Cir. 12/26/96); 685 So.2d 691, 694, writ denied, 97-0281 (La.3/14/97); 690 So.2d 41, the 1996 amendment to La.Code Civ.P. art. 966 provides that “summary judgment is designed to secure the just, speedy, and inexpensive determination of every action, and that procedure is now favored.” “Under the amended statute, the initial burden of proof remains with the mover to show that no genuine issue of material fact exists.” Id. at 694. However, once the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that material factual issues remain. Id. “Once the motion for summary judgment has been properly ^supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion.” Id. at 694.
We will first consider the motion for summary judgment granted in favor of DOTD. After reviewing the pleadings, depositions, and affidavits presented by DOTD, we conclude that DOTD made a prima facie showing that the roadway in question was not in the care, custody, or control of DOTD at the time of the accident. The Sopejaks argue that the depositions indicate that the state may have built the bridge. However, this assertion is refuted by a later affidavit from DOT1D filed after having searched its records. Moreover, the Sopejaks presented no evidence to support their assertion. Accordingly, the trial court properly concluded there were no genuine issues of material fact in dispute.
We now must determine whether DOTD was entitled to judgment as a matter of law. The state has a duty to maintain a road or bridge or make a road or bridge safe where that road or bridge is included in the state highway system. La.R.S. 48:21; La.R.S. 48:191; and La.R.S. 48:193. Where the road or bridge is not on the state highway system and falls within a parish but outside the corporate limits of any municipality, a duty to maintain the road or bridge falls on the parish. Breshers v. State, DOTD, 536 So.2d 733 (La.App. 3 Cir.1988), writ denied, 541 So.2d 854 (La.1989). Since DOTD established that the road and bridge in question are not on the state highway system, DOTD was entitled to judgment as a matter of law. There was no error in the trial court’s grant of summary judgment in favor of DOTD.
Turning now to the motion for summary judgment granted in favor of Lafayette Parish, we conclude that the materials presented constituted a prima facie showing that the road and bridge in question were not in the care, custody, or control of Lafayette Parish. The Sopejaks argue that the evidence does not refute the existence of an | ¿¡intergovernmental agreement between the Town of Broussard and Lafayette Parish. Unfortunately, for the Sopejaks, once the prima facie case was made, the burden shifted to the Sopejaks to present evidence that a genuine issue of material fact existed. The Sopejaks presented no such evidence. Speculation and argument are not sufficient to carry their burden. Accordingly, the trial court correctly concluded that no genuine issues of material fact existed.
Finally, we must determine if Lafayette Parish was entitled to judgment as a matter of law. When a road is not within the state highway system and lies within the corporate limits or jurisdiction of a given city, town, or municipality, that municipality, city or town has a legal responsibility to maintain the bridge or road in a reasonably safe condition. Valet v. City of Hammond, 577 So.2d 155 (La.App. 1 Cir.1991). In the instant ease, it is undisputed that the portion of the road in question is within the corporate limits of the Town of Broussard. Accordingly, the trial court did not err in granting summary judgment in favor of Lafayette Parish.
CONCLUSION
For the foregoing reasons, the judgments of the trial court are affirmed. All costs of *540 this appeal are taxed to appellants, Edwin and Juanita Sopcjak.
AFFIRMED.